The petitioner appeals from a decree of the Probate and Family Court denying his request for entry of special findings needed to apply for special immigrant juvenile (SIJ) status pursuant to 8 U.S.C. § 1101(a)(27)(J) (2012).[2] We reverse and remand.
1. Background. The petitioner was born in June, 1998, in El Salvador and currently resides with his cousin in Chelsea. On December 4, 2015, a Probate and Family Court judge issued a guardianship decree appointing the petitioner's cousin as his guardian until he reached the age of eighteen. In the same decree, the judge declined to issue special findings the petitioner sought in order to apply for SIJ status because he failed to make a sufficient showing of eligibility.[3]
In June, 2016, the petitioner filed a motion to amend judgment under Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974), again seeking special findings and to have the guardianship decree extended to the age of twenty-one. The register of probate rejected the motion on the grounds that the guardianship decree expired when the juvenile attained the age of eighteen, but instructed him to file a complaint in equity seeking special findings in accordance with G. L. c. 215, § 6. The petitioner filed a "petition in equity and request for declaratory relief and special findings,"[4] supported by a written report from Anne Marie Wamba, a licensed marriage and family therapist, who evaluated the petitioner after the guardianship decree was issued. In essence, Wamba found that the petitioner exhibited symptoms of generalized anxiety disorder and posttraumatic stress disorder related to his experiences in El Salvador.
In the judge's December 27, 2016, decree and findings on the petitioner's petition in equity, the judge issued findings in consideration of the first and third prongs of the SIJ statute, finding that (1) the petitioner is dependent on the Probate and Family Court, and (2) it was in his best interests to remain in the United States with his cousin, rather than be returned to El Salvador. However, relative to the second prong, the judge rejected the petitioner's contention that Wamba's report constituted newly discovered evidence. The judge stated:
"The Court previously declined to enter a special finding of abandonment or neglect by [the petitioner's] parents after considering in its totality all of the relevant proffered evidence and the reasonable inferences to be drawn therefrom .... The relevant facts and circumstances presented ... in this equity action are substantially the same as those presented at the guardianship hearing. This issue is res judicata."
2. Discussion. "[T]he Probate and Family Court has jurisdiction, under its broad equity power, over youth between the ages of eighteen and twenty-one for the specific purpose of making the special findings necessary to apply for SIJ status." Recinos v. Escobar, 473 Mass. 734, 739 (2016). "Acting within the limits of this fact-finding role, the judge must make the special findings even if he or she suspects that the immigrant child seeks SIJ status for a reason other than relief from neglect, abuse, or abandonment." Guardianship of Penate, 477 Mass. 268, 275 (2017).
Under these circumstances, the issuance of Wamba's report is enough to warrant the judge's reconsideration of the petitioner's request for special findings within the court's equity jurisdiction. We reverse the December 27, 2016, decree and remand this matter to the Probate and Family Court for the judge to conduct an evidentiary hearing. Following the hearing, the judge shall issue new findings on the three prongs of the SIJ statute, as well as credibility determinations as to the witnesses who testified. See ibid. [5]
So ordered.
Reversed.

To be eligible for SIJ status, a juvenile immigrant must establish that (1) he has been declared dependent on the Probate and Family Court; (2) reunification with one or both parents is not viable due to abuse, neglect, or abandonment; and (3) return to the juvenile immigrant's country of origin would not be in his best interests. See 8 U.S.C. § 1101(a)(27)(J) (2012). In appropriate cases where the juvenile immigrant makes a proper showing, a Probate and Family Court judge may enter special findings for the juvenile immigrant to become eligible for SIJ status. These special findings are a first step toward, not a final determination of, SIJ status. Recinos v. Escobar, 473 Mass. 734, 738 (2016).

After considering all of the relevant evidence proffered by the petitioner, and the reasonable inferences to be drawn therefrom, the judge found that the petitioner's mother had not abandoned or neglected the petitioner. The judge also found that although the petitioner's father may have been "heavy handed" in his discipline of the petitioner, the petitioner may not have been acting with the "level of responsibility and respect" expected by his father. Finally, the judge also found that both parents consented to the petitioner remaining in the United States under the guardianship because it was in the best interests of their son.

In response to the petitioner's petition, the judge requested a memorandum of law as to why the petition in equity should not be dismissed on res judicata grounds, which the petitioner filed.

Given our resolution of this matter, we need not resolve the question whether it was error for the judge to apply res judicata in the circumstances presented by this case.